## W. B. WOOD MFG. CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 3, 1923.)

No. 6155.

1. **Criminal law ⬅472—Expert testimony held competent as to adulteraton of food coloring powder.**

In a prosecution for adulteration and misbranding of a coloring powder for use in food preparations, testimony of a qualified chemist, who had made a quantitative analysis, that the improper proportions of the ingredients lowered the quality and strength of the powder as a coloring substance, *held* competent.

2. **Food ⬅12—Test of adulteration.**

The test of adulteration of a food product, under Food and Drugs Act, § 7 (Comp. St. § 8723), is not what is customarily done by manufacturers, but what is properly done by them.

3. **Criminal law ⬅1137(6)—Party inviting ruling cannot assign it as error.**

A party, who by objections has invited a ruling excluding a line of testimony, cannot assign it as error, when applied against him.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Criminal prosecution by the United States against the W. B. Wood Manufacturing Company. Judgment of conviction, and defendant brings error. Affirmed.

Dwight D. Currie, of St. Louis, Mo., for plaintiff in error.

Politte Elvins, Asst. U. S. Atty., of Bonne Terre, Mo.

Before STONE and KENYON, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge. From a conviction for adulteration and misbranding of "Red Color," a coloring powder used in food preparations, this writ of error is sued out.

The adulteration, causing misbranding, consisted of excessive quantities of sodium chloride, sodium sulphate and some other substances which reduced the quality and strength of the powder. The errors

here urged are: (1) Insufficiency of evidence; (2) five rulings upon evidence; and (3) improper comment by the court.

We have carefully examined the evidence and entertain no doubt of its sufficiency to sustain the verdict and conviction.

[1] The first and second objections to the rulings on evidence are to the admission of certain testimony of the witness Jablonski. He was a fully qualified chemical expert who had specialized in coloring substances and compounds. He had chemically examined the precise cans of powder upon which the information was based. The substance of the criticized testimony was that the presence of the named substances in the quantity, or proportion, found by him in the powder would have the effect of lowering and lessening the quality and strength of the powder as a coloring substance. There was testimony in the record of the proportion of these substances present in properly prepared commercial powders. We think the witness was qualified to and properly did testify to the effect of such presence, in the quantities found, upon the powder.

[2, 3] The third challenge as to rulings on evidence is to the exclusion of certain testimony of witness Kendall on cross-examination. The substance of these questions was whether it was customary to dilute a certain substance when using it in the manufacture of food colors. This was properly excluded for two reasons: The standard set by the statute is not what is customarily done by manufacturers, but what is properly done by them; and this error was clearly invited by an earlier objection by this plaintiff in error, which was sustained, to the same character of evidence when offered by the government. Error cannot be inserted in a trial by thus alternately blowing hot and cold.

The fourth objection is to the exclusion of certain testimony of witness Heath, who was a manufacturer of such colors. The question was, "What per cent. of colors sold for food contain 10 to 50 per cent. of salt?" This was objected to and properly excluded as immaterial.

The fifth objection is to exclusion of certain testimony of witness Wood, a manufacturer and jobber in colors. He was asked whether he had ever had any complaints from his customers concerning a certain coloring powder sold by his company. This evidence was clearly immaterial.

The comment by the court, which is claimed to be objectionable, is not set out in the assignment of errors and only a portion thereof can be at all identified, even in the brief. This portion was not objected to nor any exception thereto preserved.

The judgment is affirmed.