## UNITED STATES v. 55 CASES POPPED CORN et al.

### No. 1551.

District Court, D. Idaho, Central Division.

Dec. 21, 1943.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and R. W. Beckwith, Asst. U. S. Dist. Attys., all of Boise, Idaho, for plaintiff.

Hamblin, Gilbert & Brooke, of Spokane, Wash., for defendants Mason, Ehrman & Co.

CLARK, District Judge.

The libel of information in this case seeks destruction of four interstate shipments of popped corn charged to have been adulterated within the meaning of 21 U.S. C.A. in that:

"342(b) (1) in that a valuable constituent, namely butter or an edible vegetable oil, has been in whole or in part omitted"

"342(b) (2) in that a substance consisting of popped corn with added artificially colored nonnutritive mineral oil and salt has been substituted for popcorn (or popper corn) which the article purports to be;"

"342(b) (3) in that inferiority has been concealed by the addition of artificial color;"

"342(b) (4) in that mineral oil has been mixed or packed therewith so as to reduce its quality or strength or make it appear better or of greater value than it is."

"343(b) in that it is offered for sale under the name of 'popped corn' (55 cases) and 'popcorn' (20 cases and the two 25 cases), the same being the name of another food, 'popped pop corn', to which has been added melted butter or vegetable oil".

The Government relies mainly on subsection 343(b) and contends under this subsection that the corn in question was not popped popcorn because melted butter or vegetable oil was not used in preparing it for the market. In other words, that popped popcorn has a definite and distinct definition and that if any other ingredients were added to popped popcorn than butter or vegetable oil, it was not popped popcorn, and in view of the fact that in the instant case, mineral oil was used, it was an adulterated food.

This libel is brought under subdivision (b) of Section 342, Title 21 U.S.C.A.— the Federal Food, Drug, and Cosmetic Act, which is as follows: "(1) If any valuable constituent has been in whole or in part omitted or abstracted therefrom; or (2) if any substance has been substituted wholly or in part therefor; or (3) if damage or inferiority has been concealed in any manner; or (4) if any substance has been added thereto or mixed therewith so as to increase its bulk or weight, or reduce its quality or strength, or make it appear better or of greater value than it is."

■ The Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., was passed to protect the public health and should be construed liberally to meet the purpose for which it was enacted and the Court must endeavor to protect the public from interstate commerce in food products so adulterated as to injure or endanger health and also to see to it that food products are so branded that the consumer would know that there was no misrepresentation as to its substance and that the food purchased was what it purported to be.

The popped corn in question was branded plainly on each package as follows: "Masterson's Food Products Popped corn Ingredients: Popcorn, Mineral Oil, Salt (If colored or flavored U S Certified coloring and flavoring used." * * * Masterson Food Products Co., Spokane Washington Net Weight 5 ounces When packed".

The only change in the branding on the various packages being as to the weight, which was according to the size of the package. So in the first instance there is no misbranding and the consumer was fully advised as to the contents of the various packages. There was no deceit practiced in this matter and there is no contention on the part of the Government that there was. So it leaves only two questions for the Court.

First, is the food product in question popped popcorn?

Second, has any valuable constituent been in whole or in part abstracted therefrom, or has any substance been substituted in whole or in part therefor, or is there any damage or inferiority that has been concealed in any manner, or has any substance been added thereto or mixed or packed therewith so as to increase its bulk or weight or reduce its quality or strength, or make it appear better or greater than it is?

■ I can see little merit in the contention that the article of food contained in the packages branded as hereinbefore stated was not popped popcorn. It would be just as reasonable to say that if the corn so popped had not had salt, butter or vegetable oil used in its manufacture and preparation that it would not have been popped popcorn, and it is plain from the evidence introduced in this case that there is no exact formula used in the preparation of popcorn for the market. In the case of W. B. Wood Mfg. Co. v. United States, 8 Cir., 292 F. 133, 134, the Court said: "The standard set by the statute is not what is customarily done by manufacturers but what is properly done by them * * *." Whether Mineral oil has ever been used heretofore, the Court is not advised but the Court is satisfied that there is no established formula for its preparation, and the Court is also satisfied that the corn in question is popped popcorn, and so holds.

■ On the second question there is no evidence before the Court showing that mineral oil in the quantities used would be injurious to the public health, nor is there any reason shown why the popcorn as prepared and branded should not be consumed by the public, nor that it is adulterated

within the meaning of the statute, and as there is no proof of these facts, the popped corn could not be found to be adulterated within the meaning of the statute.

Realizing full well the duty of the Court to protect the public from interstate commerce in food products injurious to the public health and having in mind the importance of the strict enforcement of the Food and Drug Act, and giving the most liberal construction to the Government's case, the Court is of the opinion that the libel of information is not supported by the evidence and should be dismissed. An order will be entered.